**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES EDWARD SCOTT,<br><br>    Plaintiff<br><br>v.<br><br>NAPHCARE, et. al.,<br><br>    Defendants | Case No.: 3:19-cv-00347-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF Nos. 19, 36 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Dr. Larry Williamson's Motion to Dismiss. (ECF No. 19.) Plaintiff filed a response (ECF No. 25), and Dr. Williamson filed a reply (ECF No. 26).

Also before the court is defendant Dr. Feely's Motion to Dismiss. (ECF No. 36.) Plaintiff filed a response (ECF No. 42), and Dr. Feely filed a reply (ECF No. 43). Both defendants move to dismiss on the basis that Plaintiff failed to exhaust his administrative remedies.

After a thorough review, it is recommended: that Dr. Karen be dismissed without prejudice for failure to timely serve her under Federal Rule of Civil Procedure 4(m); that the unidentified Doe defendants be dismissed without prejudice as a result of Plaintiff's failure to timely identify and add them as parties; and, that Dr. Williamson's and Dr. Feely's motions to dismiss be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983; however, the events giving rise to this action took place while Plaintiff was a pretrial detainee at Clark County Detention Center (CCDC). (Compl., ECF No. 4.) Plaintiff was allowed to proceed against the following Defendants: Dr. Williamson, Dr. Emily Feely, Dr. Karen, Doe medical staff once they are identified, Officer Costello, Doe officers once they are identified, Doe CERT officers once they are identified, and Officer Franklin. (Screening Order, ECF No. 3.)

The court screened Plaintiff's complaint and determined that he could proceed with the following claims: (1) a Fourteenth Amendment claim of inadequate medical care against Dr. Karen, Dr. Feely, Dr. Williamson, and Doe medical staff based on allegations that they administered hydrochlorothiazide, lisinopril, and aspirin to Plaintiff for three months before noticing that his creatinine levels were too high, and then ignored the treatment plan of a kidney specialist and continued to give him lisinopril which caused him to suffer further loss of kidney function[1]; (2) a retaliation claim against Costello and Doe officers based on the allegation Plaintiff attempted to file a grievance against them and was put in the hole as a result; (3) a due process claim against Costello and Doe officers based on allegations that they attempted to punish Plaintiff without a due process hearing by placing him in the hole for 15 hours; (4) an excessive force claim against Doe CERT officers based on allegations he was not resisting when they purposefully slammed and kneed Plaintiff and held a shotgun barrel to his back; (5) an access to the courts claim against the Doe CERT officers based on allegations that they destroyed his grievance on the excessive force incident to cover up their actions; and (6) a

---

[1] Naphcare and Reyes were dismissed from the action. (ECF No. 3 at 7.)

retaliation claim against Franklin based on allegations that he asked for a grievance to file against Franklin and Franklin refused to allow Plaintiff to get his medication. (ECF No. 3.)

Dr. Williamson, Dr. Feely, Costello and Franklin have been served and appeared in this case. Dr. Karen has not been served. On September 21, 2020, the court gave Plaintiff until November 5, 2020 to serve Dr. Karen. (ECF No. 31.) The summons issued was returned unexecuted. (ECF No. 35.) Therefore, the court should issue a notice of intent to dismiss Dr. Karen under Federal Rule of Civil Procedure 4(m).

In addition, under the scheduling order, Plaintiff had until November 9, 2020, to join any additional parties or amend his complaint. Plaintiff has not yet moved to amend or otherwise sought to join any identified individuals in place of the Doe defendants; therefore, the Doe defendants should be dismissed without prejudice.

In their motions to dismiss, Dr. Williamson and Dr. Feely argue that Plaintiff failed to exhaust his administrative remedies with respect to the medical claim proceeding in this action prior to filing his lawsuit.

## II. DISCUSSION

According to Defendants, CCDC had a policy that provides inmates with a medical grievance procedure allowing them to inform the appropriate individuals about allegations of improper medical treatment. Under the policy, inmates are permitted to file one health care complaint per week when they wish to complain about the health care system. Health care staff will respond verbally within five business days, and in writing within ten business days of

receiving the complaint. If the inmate is unsatisfied with the response, he can file a health care grievance within five business days. (ECF No. 19 at 11-14.)[2]

Defendants argue that it is clear from the complaint that the Las Vegas Metropolitan Police Department (LVMPD) grievance dated February 8, 2018, and subsequent Citizen Review Board complaint pertain to the alleged misconduct by Officer Costello on February 7. The LVMPD grievance dated March 10, 2018, also referenced in the complaint, relates to the alleged misconduct by CERT officers that same day. The LVMPD grievance dated May 24, 2018, referenced in the complaint, pertains to alleged misconduct by Officer Franklin that day. They point out that Plaintiff was diagnosed with kidney disease on April 12, 2-18, so the grievances filed in February and March of 2018 could not have addressed allegations of a failure to treat the kidney disease.

In his responses, Plaintiff states that he denies Defendants' arguments and contends that Defendants only provided the grievance policy and not his actual grievances.

In their reply briefs, Defendants Drs. Williamson and Feely argue that according to the complaint, Plaintiff filed three grievances, but there is no indication that they addressed Plaintiff's claims against the medical providers.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his

---

[2] This policy is not attached to the complaint. Defendants do not ask the court to take judicial notice of the policy. Nor is it properly authenticated.

4

administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

The initial question here is whether the failure to exhaust is clear from the face of the complaint, such that it is proper for the Defendants to assert the defense in a motion to dismiss and not a properly supported motion for summary judgment.

Plaintiffs allegations of the denial of adequate medical care appear in pages 9 to 15 of his complaint. (ECF No. 4 at 9-15.) Plaintiffs allegations regarding Officer Costello appear at pages 16 to 17 of the complaint. (ECF No. 4 at 16-17.) Plaintiff does allege that he responded to Officer Costello's alleged conduct by asking for a grievance, which Costello refused. (ECF No. 4 at 17-18 ¶¶ 38-39.) He was eventually provided with a grievance and Citizen Review Board complaint form. (*Id*. at 18 ¶ 43.) Plaintiff then alleges that he was assaulted by the unidentified CERT team officers on March 10, 2018. (ECF No. 4 at 19.) He alleges that these defendants destroyed Plaintiff's grievance regarding the incident. (*Id*.) He then alleges that Officer Franklin denied his request for a grievance and refused his medication. (ECF No. 4 at 21.) He obtained a grievance from a new officer. (*Id*. at 22.)

Contrary to Defendants' assertions, it is not clear from the complaint that Plaintiff failed to exhaust his administrative remedies. Defendants reference specific grievances Plaintiff

apparently filed, but Plaintiff does not include specific allegations about filing these grievances, and they are not attached as exhibits to the complaint. While Plaintiff makes passing reference to grievances with respect to his other claims, he is not required to allege the exhaustion of administrative remedies in the complaint. *See Jones v. Bock,* 549 U.S. 199, 212-17 (9th Cir. 2017) (explaining that inmates are not required to plead specifically or demonstrate exhaustion in their complaints). Therefore, his failure to allege that he exhausted his medical care claim is not a basis for moving to dismiss a claim on exhaustion grounds.

Nor is it appropriate for the court to convert the motion to one for summary judgment as Defendants have not met their burden on summary judgment either. A defendant moving for summary judgment on exhaustion grounds "must produce evidence proving failure to exhaust in order to carry their burden." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Defendants only point to the absence of allegations of exhaustion in the complaint, and provide no direct evidence that Plaintiff did not file a procedurally proper grievance addressing his medical care claim. Defendants do not authenticate the CCDC policy regarding medical grievances. Nor do they provide Plaintiff's grievance documentation or any declarations to demonstrate the failure to file a grievance regarding his medical care claim.

For these reasons, Defendants Dr. Williamson's and Dr. Feely's motions to dismiss should be denied. They may raise their arguments in a properly supported motion for summary judgment. The court will issue a revised scheduling order if this Report and Recommendation is adopted that will, among other things, extend the dispositive motions deadline.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge:

(1) Issue a notice of intent to dismiss Dr. Karen under Federal Rule of Civil Procedure 4(m);

(2) **DISMISS WITHOUT PREJUDICE** the Doe defendants; and

(3) **DENY** Dr. Williamson's and Dr. Feely's motions to dismiss (ECF Nos. 19, 36).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 4, 2021

_____
William G. Cobb
United States Magistrate Judge