UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>NAPHCARE, *et al.*,<br><br>    Defendants. | Case No.: 3:19-cv-00347-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF Nos. 71 and 74 |

Before the court is Plaintiff's "Motion to Grant Order for Northern Nevada Correctional Center to Temporarily Provide and Allow the Supervised Use of a Voice Recording Device for the Purpose of Recording the Defendants Depositions Taken by the Plaintiff" (ECF No. 74).[1] Plaintiff states he is "unable to afford a stenographer" and seeks an order "for the Northern Nevada Correctional Center to temporarily provide and allow the supervised use of a voice recording device for the purpose of recording the Defendants (sic) depositions taken by the Plaintiff." (*Id.*)

---

[1] This order primarily pertains to Plaintiff's motion ECF No. 74 but also resolves ECF No. 71.

1

The Federal Rules of Civil Procedure allow for tape recording of depositions as an alternative to more traditional recording by stenographic means. Rule 30(b)(3)(A). However, Plaintiff should be aware any deposition, including those utilizing a tape recording device, will still subject to other aspects of the Federal Rules of Civil Procedure. It is not as simple as activating a tape recorder to be able to proceed with an audio recorded deposition. Certain of the additional rules regarding depositions that come into play here are as follows:

**Rule 28 Officer to be Present for Deposition (Fed. R. Civ. P. 30(b)(5))**

While a deposition may be recorded by audio, Fed. R. Civ. P. 30(b)(5) requires a witness deposed under Rule 30 to be "conducted before an officer appointed or designated under Rule 28." Rule 30(b)(5)(A) specifies the "duties" of the officers as follows:

> (A)   *Before the Deposition*. Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:
>
> (i)   the officer's name and business address;
> (ii)  the date, time, and place of the deposition;
> (iii) the deponent's name;
> (iv)  the officer's administration of the oath or affirmation to the deponent; and
> (v)   the identity of all persons present.

* * *

> (C)   *After the Deposition*. At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about the custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

Therefore, any motion to take a deposition utilizing a recording device, or a notice of such deposition to be recorded by tape recording, must first identify the Rule 30(b)(5) "officer" who will be overseeing the entirety of the deposition Plaintiff seeks to undertake.

**Reviewing the Recording**

Rule 30(e) provides the witness, upon request before the deposition is completed, to be allowed to review the recording or transcript. Plaintiff must describe in any deposition notice how this process will be accomplished.

**Officer's Duties Post Examination**

Rule 30(f)(1) and (3) provide as follows:

> (f)   Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.
>
> > (1)   *Certification and Delivery.* The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.
>
> > * * *
>
> > (3)   *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

Therefore, the presence of a Rule 28 "officer" in an indispensable element of a deposition. Based upon information available at present, the court expresses its opinion that the Nevada Department of Corrections (NDOC) is not obligated, at its expense, to provide Plaintiff with a Rule 28 officer for any deposition Plaintiff may desire to conduct by means of a recording device. Because neither the NDOC nor any employee of NDOC is a party to this action, the court lacks

jurisdiction to order NDOC, more specifically, the Northern Nevada Correctional Center "to temporarily provide and allow the supervised use of a voice recording device by the plaintiff for the purpose of recording the defendants (sic) depositions taken by plaintiff." (ECF No. 74 at 1.)

**Location of Deposition**

The location and time of a deposition must be provided in any deposition notice. Fed. R. Civ. P. 30(b)(1). Because Plaintiff is incarcerated, special consideration must be given to NDOC and the NNCC on the location and security. Plaintiff should address this consideration with officials of the NNCC and Defendants' counsel in advance.

**CONCLUSION**

The court notes Plaintiff states he is proceeding in forma pauperis and unable to afford the costs of hiring a certified court reporter and that other alternatives (such as recording "by hand" – which is not authorized by the Federal Rules of Civil Procedure) would be "overly burdensome." (*Id.* at 2.)

These conditions of Rule 30 outlined above and this order may seem harsh to Plaintiff, but the rules must be followed. Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Grant Order for Northern Nevada Correctional Center to Temporarily Provide and Allow the Supervised Use of a Voice Recording Device for the Purpose of Recording the Defendants Depositions Taken by the Plaintiff" (ECF No. 74) is **DENIED** without prejudice.[2]

DATED: August 25, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] In ECF No. 71, Plaintiff moves to take the depositions of Defendants Costello and Franklin following the completion of his deposition by Defendants' counsel. (*See*, ECF No. 70.) If NNCC authorizes Plaintiff to depose these Defendants, and if defense counsel concur, then the court has no objection to Plaintiff doing so. However, unless defense counsel permits Plaintiff to utilize Defendants' court reporter, Plaintiff will have to comply with the Rule 30 provisions set forth hereinabove.