UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, | |
| Plaintiff, | CASE NO. 3:19-cv-00347-MMD-WGC |
| vs. | **ORDER** |
| NAPHCARE, et al., | (Re: ECF No. 76) |
| Defendant. | |

Before the court is Plaintiff's Motion to Compel Discovery (ECF No. 76). Plaintiff seeks an order of the court compelling the "LVMPD" Defendants to produce security video from two dates in 2018 (February 6 & 8) and (May 24 & 25) when he was confined at the Las Vegas Metropolitan Police Department (Plaintiff is now an inmate in the custody of the Nevada Department of Corrections at the Northern Nevada Correctional Facility (NNCC)). The former dates pertained to alleged interaction with Defendant Costello and the latter dates pertained to Defendant Franklin (ECF No. 76).

The LVMPD Defendants opposed Plaintiff's motion on multiple grounds. First, Defendants assert Plaintiff did not initially seek production of the February 6 & 8 and May 24 & 25 videos in any discovery request and his motion to compel was his first attempt to secure the videos (ECF No. 80 at 2).

Second, Defendants contend Plaintiff did not undertake any efforts to satisfy the interactive "meet & confer" requirements of the federal and Local Rules (ECF No. 80 at 3) to

attempt to resolve the discovery dispute prior to bringing a motion to compel (Federal Rule of Civil Procedure 37 and Local Rules 26-6 and IA 1-3).

Third, Defendants contend while Plaintiff had previously sought production of videos from certain other dates, Plaintiff did not seek production of any videos pertaining to the dates which are the subject of Plaintiff's motion to compel (*id*. at 5). Defendants previously advised Plaintiff in their response to Plaintiff's Request for Production that any videos pertaining to the dates sought in the earlier Request are unavailable because of the LVMPD policy – absent a notice of claim – only requires retention of videos for sixty days (*id*. at 5-6). Because Plaintiff did not make a request for such videos for well more than two years after the alleged incidents, the subject videos are also unavailable as they were not retained (ECF No. 80-2 at 8).

Plaintiff did not file a reply memorandum.

The court scheduled a telephonic motion hearing on Plaintiff's motion for Tuesday, September 28, 2021 (ECF No. 81). At the time scheduled for the hearing, the courtroom administrator was advised that Plaintiff's unit at NNCC was on lockdown and Plaintiff Scott would not be able to appear. After placing the reason on the record, the hearing was adjourned (ECF No. 82).

The court determines it is appropriate to proceed with a written order on Plaintiff's motion to ensure this case moves along. The court finds Plaintiff - prior to making the motion - did not first seek production of the videos at issue (if any) via written discovery. The court also finds Plaintiff did not attempt to undertake a "meet & confer" on the discovery issue with Defendants' counsel prior to filing his motion, as is required by Fed. R. Civ. P. 37 and Local Rules 26-6 and IA 1-3. Last, pursuant to the LVMPD video retention policy of retaining videos, absent a request,

no more than sixty days after the alleged occurrence, any videos which may have recorded the alleged events of February 6 & 8, 2018, and May 24 & 25, 2018, are unavailable.

Plaintiff's Motion to Compel Discovery (ECF No. 76) is **DENIED**.

IT IS SO ORDERED.

Dated: September 28, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE