**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES EDWARD SCOTT,

       Plaintiff

v.

NAPHCARE, et al.,

       Defendants

Case No.: 3:19-cv-00347-MMD-CSD

**Order**

Re: ECF Nos. 98, 100

Plaintiff has filed a Motion to Appoint Independent Expert. (ECF No. 98.) Defendants Dr. Feely and Dr. Williamson filed a response. (ECF No. 103.) Defendants Joshua Costello and Derek Franklin also filed a response. (ECF No. 104.) Plaintiff did not file a reply. Plaintiff also filed a motion for an extension of time until the court has ruled on Plaintiff's motion for appointment of an expert, although he does not specify what deadlines he seeks to extend. (ECF No. 100.) Defendants Costello and Franklin oppose this motion. (ECF No. 105.)

For the reasons stated below, Plaintiff's motions are denied.

**I. BACKGROUND**

The court screened Plaintiff's complaint and allowed him to proceed in Count 1 with a claim under the Fourteenth Amendment for inadequate medical care as a pretrial detainee at Clark County Detention Center (CCDC) against Dr. Feely and Dr. Williamson. This claim is based on allegations that they administered hydrochlorothiazide, lisinopril and aspirin to Plaintiff for three months before noticing that his creatine levels were too high. Plaintiff claims that after he was taken to a kidney specialist who put him on a treatment plan to reduce his creatine levels, the Defendants purposely ignored the treatment plan and continued to give Plaintiff lisinopril,

which caused Plaintiff to suffer more kidney function loss. The court also allowed Plaintiff to proceed with a retaliation claim against Costello in Count 2. This claim is based on allegations that he attempted to file a grievance against Costello and was put in the "hole" as a result. Plaintiff was also permitted to proceed with a due process claim against Costello in Count 2, based on allegations that Costello attempted to punish Plaintiff without a due process hearing by placing him in the "hole" for 15 hours. In Count 3, Plaintiff was allowed to proceed with an excessive force claim as well as a claim for denial of access to the grievance process against Doe CERT officers (when Plaintiff learns their identities).  However, the Doe officers have since been dismissed without prejudice. In Count 5, Plaintiff was allowed to proceed with a retaliation claim against Franklin based on allegations that after he asked for a grievance to file against Franklin, Franklin refused to allow Plaintiff to get his medication. (ECF No. 3.)

On September 8, 2020, the court issued a scheduling order setting, among other things, the discovery completion deadline for December 7, 2020, and dispositive motions deadline for January 6, 2021. (ECF No. 23.)

On October 1, 2020, Dr. Feely and Dr. Williamson filed a motion to stay expert disclosure pending a ruling on their motions to dismiss. (ECF No. 38.) The court granted the motion, and stayed all deadlines in the scheduling order, including the disclosure of expert witnesses, until 60 days after a decision is issued on the Defendants' motions to dismiss. (ECF No. 47.)

A report and recommendation to deny the motions to dismiss, and to dismiss the Doe defendants without prejudice was entered on January 4, 2021. (ECF No. 48.) Chief District Judge Du adopted the report and recommendation on January 27, 2021. (ECF No. 53.) An amended

scheduling order was entered on February 8, 2021, setting the discovery completion deadline for May 10, 2021, and the dispositive motions deadline for June 9, 2021. (ECF No. 55.)

Defendants Costello and Franklin requested, and the court granted, a further extension of the scheduling order deadlines. The discovery completion deadline was extended to July 9, 2021. The expert disclosure deadline was extended to May 10, 2021, with rebuttal expert disclosures due by June 9, 2021. The dispositive motions deadline was extended to August 9, 2021. (ECF No. 57.)

On May 17, 2021, the scheduling order deadlines were extended at Defendants' request again as follows: discovery completion by September 7, 2021; expert disclosure by July 9, 2021; rebuttal expert disclosure by August 9, 2021; dispositive motions by October 8, 2021. (ECF No. 67.)

On September 8, 2021, the scheduling order deadlines were extended at Defendants' request as follows: discovery completion by December 6, 2021; dispositive motions by January 5, 2022. (ECF No. 79.) There was no extension of the expert disclosure deadlines.

Dr. Feely and Dr. Williamson filed their motion for summary judgment on January 3, 2022. (ECF No. 85.) Defendants Costello and Franklin filed their motions for summary judgment on January 5, 2022. (ECF Nos. 87, 88.) Plaintiff has opposed Dr. Williamson's and Dr. Feely's motion. (ECF No. 92.) Dr. Williamson and Dr. Feely filed a reply. (ECF No. 97.) Plaintiff subsequently filed this motion for appointment of an independent expert. (ECF No. 98.)

Plaintiff has also opposed the motions of Costello and Franklin. (ECF Nos. 102, 103.) Costello and Franklin have been granted an extension until April 6, 2022, to file their reply briefs.

## II. DISCUSSION

The expert disclosure deadline was most recently extended to July 9, 2021, with rebuttal expert disclosure due by August 9, 2021. Those deadlines came and went, and no party sought further extension of the expert disclosure deadlines. Plaintiff did not file this motion until February 28, 2022, some seven months following expiration of the expert disclosure deadline, and nearly a month after the motion for summary judgment related to Plaintiff's health care claim was fully briefed.

A motion for extension of time filed after the time period expires must be accompanied by a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff has not explained why he did not seek the appointment of an expert before the expiration of the expert disclosure deadlines. Therefore, his request is untimely, and denial of his motion is appropriate on this basis. In light of this conclusion, Plaintiff's motion for an extension of unidentified deadlines pending resolution of his motion for appointment of an expert is also denied.

## III. CONCLUSION

Plaintiff's motion for appointment of an independent expert (ECF No. 98) and motion for an extension (ECF No. 100) are **DENIED**.

**IT IS SO ORDERED**.

Dated: March 28, 2022

_____
Craig S. Denney
United States Magistrate Judge

4